**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID J. NORTHRUP,

                Petitioner,

v.                                               Case No. 3:15-cv-129-J-32MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                Respondents.
_____

## ORDER

### I.  Status

       Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition). He challenges a 2002 state court (St. Johns County, Florida) judgment of conviction for sexual battery, a capital felony, for which he is serving life imprisonment. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Response to Petition (Doc. 5) (Response).[1] Petitioner notified the Court that he would rely on his Petition and cited Martinez v. Ryan, 132 S. Ct. 1309 (2012). See "Traverse/Reply" (Doc. 6) (Reply). The case is ripe for review.[2]

_____

      [1] Respondents rely on the exhibits (Doc. 7) filed in case no. 3:06-cv-137-J-25MCR. The Court cites to the exhibits as "Ex." The exhibits were not scanned into the Court's system in the first case; rather, they were filed separately in paper format. The Court will direct the Clerk to electronically file the exhibits in this case for ease of review.

      [2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

––––––––––––––––––––

an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

2

### III.  Procedural History[3] / Analysis

On September 9, 2002, Petitioner entered a nolo contendere plea to one count of sexual battery, a capital felony. Ex. A at 32-43, 70-80. He was adjudicated guilty and sentenced to life imprisonment that same day. See id. On May 27, 2003, the Fifth District Court of Appeal per curiam affirmed the judgment without the entry of a written opinion. Ex. D. Petitioner's judgment became final ninety days later on August 25, 2003. See Supreme Court Rule 13.3;[4] Clay v. United States, 537 U.S. 522, 525 (2003); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).

Petitioner had post-conviction motions pending in state court, which tolled the one-year limitations period until August 29, 2005. See Response at 2-4. The following day, August 30, 2005, Petitioner's one-year limitations period began to run and on February 9, 2006, he filed his first federal habeas petition in this Court.[5] See Petition (Doc. 1), No. 3:06-cv-137-J-25MCR. The respondents filed a substantive response in that case, noting that the petition was timely filed. See Response (Doc. 5), No. 3:06-cv-137-J-25MCR. Petitioner, however, failed to timely file a reply as directed, and that case was dismissed without

---

[3]  Respondents detail the procedural history in the Response at 2-5. The Court will only set forth the pertinent procedural history relating to the one-year limitations period in which Petitioner had to file a federal habeas petition.

[4]  Supreme Court Rule 13.3 states, in pertinent part: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . . But if a petition for rehearing is timely filed[,] . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing[.]"

[5]  The Court applies the mailbox rule to Petitioner's pro se filings. See Houston v. Lack, 487 U.S. 266, 276 (1988); Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008).

prejudice on September 25, 2006. See Order of Dismissal Without Prejudice (Doc. 11), No. 3:06-cv-137-J-25MCR. Petitioner was specifically advised that the dismissal "does not excuse [him] from the one-year period of limitation for raising a habeas corpus petition in the federal courts." Id. at 1 n.1. He was further advised that properly filed state court post-conviction motions toll the one-year period of limitations but that "the time in which a federal habeas petition is pending does not toll" the time period.[6] Id.

While his first federal habeas petition was pending, he did not have any post-conviction motions pending in state court. The pendency of his first federal habeas petition did not toll the time period. See Duncan v. Walker, 533 U.S. 167, 181 (2001) (finding that the time in which a federal habeas petition is pending does not toll the one-year limitations period). Thus, his one-year limitations period expired on August 30, 2006 (during the pendency of the first federal habeas proceeding). After the federal case was dismissed, Petitioner allowed more than one year to pass before he filed an additional state court post-conviction motion on or about November 30, 2007. Therefore, even if this Court were to restart the one-year clock on the day Petitioner's first federal habeas case was dismissed,[7]

---

[6] More than 7 years later, in April 2014, Petitioner filed another pro se habeas corpus petition in this Court; however, the case was dismissed without prejudice for his failure to pay the filing fee or seek to proceed as a pauper. See Order of Dismissal Without Prejudice (Doc. 3), Case No. 3:14-cv-186-J-25MCR.

[7] Of course, this is not the law and the one-year clock does not "restart" after it expires (in this case on August 30, 2006). See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

4

the limitations period expired before Petitioner filed another post-conviction motion in state court. And more than eight years passed between the dismissal of his first habeas case and the initiation of the instant case.[8] Under any calculation, the instant Petition is untimely filed.[9]

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. State of Fla. Dep't of Corr., - - - F.3d - - -, 2017 WL 727547, at *3 (11th Cir. Feb. 24, 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2012)); Diaz v. Sec'y for Dep't of Corr.,

---

[8] Giving Petitioner the benefit of every doubt, this Court finds that the Petition was filed on the day Petitioner signed the Petition (November 17, 2014), although the Petition was not received by the Court until several months later (February 3, 2015). See generally Houston v. Lack, 487 U.S. 266, 276 (1988); Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008).

[9] While Petitioner filed several post-conviction motions in state court after the one-year limitations period expired, such motions did not operate to toll the time period because there was no time left to toll. See, e.g., Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

362 F.3d 698, 700-01 (11th Cir. 2004) ("Equitable tolling is to be applied when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." (internal quotations and citation omitted)). "A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Id.; see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner argues that he is entitled to equitable tolling for several reasons. First, Petitioner claims that his mental health issues warrant equitable tolling. He asserts that since November 2002, he has "been off and on suicide watch and been off and on various medication." Petition at 19. He also asserts that in 2006, he "was placed in in-patient treatment and had his [first] § 2254 [petition] denied without prejudice due to lack of prosecution since he was disallowed writing supplies because he was off and on suicide watch." Id. He claims that "[h]e is habitually self-injurious and stays in inpatient treatment where property, legal work, and writing supplies are give[n] based on a level system and mental status." Id. at 19-20.

The following background information is provided to place Petitioner's argument in context. During Petitioner's plea colloquy, his counsel stated, "Pursuant to plea negotiations with the State Attorney's Office, Mr. Northrup wishes to enter a plea of no contest to Count One of the information. . . . Mr. Northrup does understand that by entering this plea that the

6

only sentence that can be given is life. He is entering this plea against my legal advice." Ex. A at 72. Petitioner was placed under oath, and the court advised him that "[t]he only penalty which is allowed by law is life imprisonment." Id. at 73. Petitioner advised the court that he had a high school education and could read and write. Id. He also advised that he had previously been treated for bipolar disorder. Id. at 74. He denied having any alcohol or narcotic drugs in the last 24 hours, and after being advised of his rights, he affirmed his belief that the plea was in his best interests, that no one threatened or coerced him to enter the plea, and that he was satisfied with his attorney's representation. Id. at 74-76.

After he pled guilty, was sentenced, and his direct appeal was affirmed, Petitioner, through counsel, filed a motion to withdraw the plea arguing that he entered the plea involuntarily and against his counsel's advice. See Ex. F at 1-2. The motion also indicated that Petitioner had a history of mental illness and requested a competency evaluation. See id. The state court entered an order appointing two experts to examine Petitioner and evaluate his past and present competency. See id. at 6-8. After reviewing the experts' reports and considering the arguments of counsel, on October 14, 2003, the state court entered an order denying the motion to withdraw the plea, finding that "[i]t is clear from the reports of the experts, that the Defendant was in fact competent at the time of the entry of the plea." Id. at 49.

Petitioner filed substantive pro se motions and briefs in the state courts in March 2004, May 2005, and July 2005,[10] and then filed his first pro se habeas petition in this Court

---

[10] Ex. K at 23-36 (motion for post-conviction relief), 7-19 (memorandum of law in support of post-conviction motion); Ex. L (brief on appeal from denial of post-conviction motion); Ex.

in February 2006. According to Petitioner, he has been off and on suicide watch since November 2002; however, the record reflects that he was adequately able to prosecute his post-conviction proceedings in state court and then able to timely file his first federal habeas petition in this Court. Because his one-year limitations period expired during the pendency of his first habeas case, the proper course of action would have been to seek reconsideration of the Court's dismissal order and/or appeal the dismissal of that case. Petitioner did not do so. Indeed, other than filing an undated motion that the Court received after judgment was entered,[11] Petitioner failed to take any action for more than one year after that case was dismissed. Petitioner does not allege now that he attempted to take any action after his case was dismissed; thus, there can be no finding that he was diligently pursuing his rights. Moreover, simply alleging the existence of a mental impairment is insufficient. See Hunter, 587 F.3d at 1308 ("[M]ental impairment is not per se a reason to toll a statute of limitations." (citation omitted)). To warrant equitable tolling based on mental incompetence, there must be a causal connection between the alleged mental impairment and the petitioner's inability to timely file a habeas petition. See Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). Petitioner has not shown such a causal connection.

---

O (motion for rehearing).

[11] He filed a motion in his first habeas case that was received by the Court on September 27, 2006. See Motion for Delayed Filing (Doc. 13), No. 3:06-cv-137-J-25MCR. In that motion, Petitioner stated that he was placed on suicide watch on August 9, 2006, and did not receive his legal work until September 22, 2006. He requested the Court accept his traverse to the state's answer. The motion was denied as moot because the case had been dismissed on September 25, 2006, and judgment was entered on September 26, 2006. See Order (Doc. 14), No. 3:06-cv-137-J-25MCR.

Second, Petitioner asserts that he "has lost legal work due to offices destroying his legal work when he went to confinement to protect [him]self." Petition at 19. He claims that in the 10 months preceding the filing of the Petition, he had "been to approximately 6 institutions." Id. However, his one-year limitations period had long expired before he filed the instant case; thus, his transfers during the 10 months preceding the filing of this case are of no moment.

Third, Petitioner cites to Martinez v. Ryan, 132 S. Ct. 1309 (2012), and appears to argue that the Martinez decision somehow excuses his untimely filing. Petition at 20; Reply at 1. Petitioner is mistaken about Martinez's application. See Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262 (11th Cir. 2014) (finding that a petitioner "cannot seek equitable tolling of the limitations period based on Martinez because we have rejected the notion that anything in Martinez provides a basis for equitably tolling the filing deadline." (internal quotations and citation omitted)); Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Fourth, to the extent Petitioner seeks to excuse his untimeliness based on his pro se status, this reason alone is insufficient to warrant equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005)[12] ("We have never accepted pro se representation alone

---

[12] The general principles governing equitable tolling apply equally to § 2254 petitions and § 2255 motions. See generally Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) ("We have also recognized that the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate." (citations omitted)).

or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); see also Perry v. Sec'y, Dep't of Corr., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (finding that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)).

Upon review of the record, the Court finds that Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, this case will be dismissed with prejudice as untimely. Accordingly, it is

**ORDERED:**

1.    The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

2.    Petitioner's Motion to Hear and Rule (Doc. 10) is **DENIED as moot**.

3.    The Clerk shall enter judgment dismissing the Petition with prejudice and close the file.

4.    If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[13] Because this Court has determined that a certificate of appealability is not

---

[13] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a district court has rejected a petitioner's claims on the merits, the

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

5.      The exhibits were not scanned into the Court's system in the original case (no. 3:06-cv-137-J-25MCR); rather, they were filed separately in paper format. For ease of review, the Clerk shall scan the exhibits and file them in this case prior to entering judgment.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of April, 2017.


_____
TIMOTHY J. CORRIGAN
United States District Judge


cr 3/28
c:
David J. Northrup
Counsel of Record

_____

petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.

11